Eugene Williams GALL, Jr.,
Petitioner–Appellant,

v.

Gene SCROGGY, Warden,
Respondent–Appellee.

No. 01–6064.

United States Court of Appeals,
Sixth Circuit.

June 13, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

## ORDER

Eugene Williams Gall, Jr., appeals a district court judgment following this court's opinion in *Gall v. Parker*, 231 F.3d 265 (6th Cir.2000), in which this court directed the district court to grant his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Boone Circuit Court in 1978, Gall was convicted of the murder of a 12 year-old girl and was sentenced to death. The Kentucky Supreme Court affirmed the conviction and sentence on direct appeal, *Gall v. Commonwealth*, 607 S.W.2d 97 (Ky.1980), and later affirmed a trial court judgment that denied Gall's motion for post-conviction relief. *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky.1985). After the district court denied Gall's ensuing federal § 2254 petition, this court reversed the district court's judgment and remanded the case to that court with directions to grant the writ conditioned on the state providing Gall an involuntary hospitalization proceeding. *See Gall*, 231 F.3d at 335–37. The Supreme Court denied certiorari on June 25, 2001. *Parker v. Gall*, 533 U.S. 941, 121 S.Ct. 2577, 150 L.Ed.2d 739 (2001).

On remand, the district court conducted a status conference by telephone, and Gall moved the district court to enter a judgment implementing this court's opinion and judgment, and in particular to direct the state to grant Gall an involuntary hospitalization proceeding. After the state responded to Gall's motion, the district court entered judgment in which it granted Gall's petition and directed that Gall be released from state custody within 90 days, but granted the state an additional 30 days custody if it elected to initiate civil commitment proceedings. Gall filed a timely notice of appeal and a motion to stay enforcement of the judgment. Two days later, Gall filed pro se a motion to vacate the district court's judgment. After the state

responded in opposition to the motions to vacate judgment and to stay the judgment, the district court denied the motions and granted Gall a certificate of appealability. Within 90 days of the district court's judgment, Gall was extradicted to Ohio to serve sentences for rape, attempted rape, and aggravated robbery convictions in that state.

On appeal, Gall has filed a motion to stay the district court's judgment, and the state moves to dismiss the appeal as moot. In his brief on appeal, Gall reiterates his contention that this court's prior opinion and judgment requires the state to afford him an involuntary hospitalization proceeding. The state responds that this court's conditional grant of the writ did not mandate state involuntary hospitalization proceedings. Upon de novo review, see *DePew v. Anderson*, 311 F.3d 742, 748 (6th Cir.2002), we will affirm the district court's judgment because this court did not mandate involuntary hospitalization proceedings.

■ First, the motions to stay and to dismiss will be denied. There simply is no basis for a stay of the district court's judgment under the circumstance of this case. *See Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir.2000). Further, while a substantial argument can be made that the case is moot because Gall was granted habeas corpus relief and has been released from Kentucky's custody, we conclude that collateral consequences still exist, and that a case or controversy exists with respect to whether this court's earlier opinion and judgment were fulfilled. *See Int'l Union v. Dana Corp.*, 697 F.2d 718, 720 (6th Cir.1983) (en banc). Accordingly, the motions to stay and to dismiss will be denied.

■ In reversing the district court's denial of Gall's habeas petition and remanding the case to the district court for entry of the judgment at issue herein, this court wrote in pertinent part:

Due to the constitutional violations stated above, this Court is compelled to grant Gall's petition for habeas relief. This Court has broad discretion in fashioning such relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). The law requires that we dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. The predecessor to that statute vested a federal court "with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Hilton*, 481 U.S. at 775 (internal quotation marks and citation omitted). Despite this discretion, double jeopardy prevents us from ordering a retrial of this case-the prosecution already had one attempt to make its case for murder and, as explained above, failed to prove an essential element. *See Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Stacy v. Love*, 679 F.2d 1209, 1212–14 (1982).[1] Without that element proved, Gall's conviction would have been for manslaughter pursuant to Ky. Rev.Stat. Ann. § 507.030(1)(b), which carried a maximum jail term of twenty years-a length of time he has already served.

Nonetheless, in looking at the trial record, we think that the overwhelming and undisputed evidence of Drs. Chutkow and Toppen was that Gall was not

---

1. If we believed that there was even a minimally plausible argument that double jeopardy did not apply here, we would certainly provide the Commonwealth an opportunity to make that case, as the dissent suggests. But *Burks* makes it clear beyond doubt that double jeopardy does apply in this instance.

sane at the time he committed the acts in question. Moreover, the evidence clearly showed that Gall's psychotic condition is permanent, and that he would be extremely dangerous to his fellow citizens if released into free society. Dr. Noelker testified to Gall's dangerousness in the starkest of terms. He stated that Gall's condition was not curable, and "[t]he best that we could hope to do would be to control his condition." J.A. at 970. Outside of an institution, he explained, this is not possible; "we would have no means of knowing how or when he took his medication or what pressures would cause him to become psychotically obsessional." *Id.* In an uncontrolled setting, therefore, it was "probable that [Gall] would act again in a similar manner" to the grisly act committed in this case. J.A. at 962. It was therefore his "strong recommendation" that Gall "never be allowed to become a free member of the society again." J.A. at 970. In 1983, he repeated his diagnosis that Gall would always suffer from a mental disease or defect. J.A. at 1093. At trial, Dr. Toppen reached the same conclusion, explaining the need for Gall to remain in a highly structured environment, whether that be a mental or penal institution. J.A. at 1215. A 1991 examination by another doctor confirmed that Gall is permanently dangerous. J.A. at 629 (concluding that Gall's violent propensities "appear to be the result of a brain dysfunction which unleashes, without apparent internal controls, violent and aggressive behavior").

With this overwhelming showing of Gall's severe mental illness and his high potential for future dangerousness, we condition the grant of Gall's habeas petition on the state's granting him an involuntary hospitalization proceeding, just as he would have been provided if he had been found insane under Ky.Rev. Stat. Ann. § 504.030 (requiring such a proceeding for defendants who are acquitted by reason of insanity). We leave it to that proceeding to determine if Gall meets the guidelines of Ky.Rev.Stat. Ann. ch. 202A, which provides for confinement and hospitalization of mentally ill and dangerous persons until a time when they no longer present a danger to themselves or others. As this Court once stated in similar circumstances, we can only hope that the Commonwealth will note the overwhelming evidence that this man is severely mentally ill and highly dangerous and commit him indefinitely on that basis. *See Stacy v. Love*, 679 F.2d at 1214.

*Gall*, 231 F.3d at 335–36. Normally, unconditional release from prison is not the appropriate remedy in habeas corpus unless a court has denied release on a condition that a lesser remedy be granted, but which has gone unfulfilled. *See Burkett v. Cunningham*, 826 F.2d 1208, 1222 (3d Cir. 1987). In this case, this court directed that Gall's habeas petition be granted, but denied him outright release conditioned on the state's granting him an involuntary hospitalization proceeding to provide the state an opportunity to protect the public from obvious danger. It is submitted that this court did not, as Gall suggests, direct that the state must provide Gall an involuntary commitment proceeding rather than release him. Under the unusual circumstances of this case, Gall's claim on appeal lacks merit.

For the foregoing reasons, the motions to stay and to dismiss are denied, and the district court's judgment is affirmed.