for his delay in responding to the plaintiffs' request for the "Green" designation. The plaintiffs hand delivered a letter to the Secretary's office on August 10, 2000, requesting that Nader and LaDuke be designated on the ballot as Green Party candidates. The letter requested a response no later than August 17, 2000. At the time the letter was sent, the plaintiffs were aware that *Schrader* was on appeal in this circuit. Moreover, they were aware that the Secretary had obtained a stay of the *Schrader* decision pending disposition of his appeal. On August 17, no response had been received from the Secretary. The plaintiffs nevertheless waited until September 27, 2000 to file their complaint. Although we do not condone the Secretary's failure to more quickly reply to the August 10 letter, we note that the Secretary was under no legal obligation to respond to the plaintiffs' request based on any particular timetable. The plaintiffs could have pursued their cause more rigorously by filing suit at an earlier date. A state's interest in proceeding with an election increases as time passes, decisions are made, and money is spent.

We thus find that the plaintiffs' reliance on the inaction of the Secretary to be unreasonable in light of the looming election deadline. Rather, we find that the plaintiffs' own delay has led to the grant of this stay pending review on the merits. *See Kay v. Austin*, 621 F.2d 809 (6th Cir. 1980) (denying equitable relief to a candidate who sought an order that his name be placed on a primary ballot when the candidate delayed in filing suit so long that election notices and absentee voting material had been shipped).

The Secretary's motion for a stay pending appeal is therefore **GRANTED**.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0373P (6th Cir.)
File Name:  00a0373p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RALPH NADER, et al.,
        *Plaintiffs-Appellees,*

v.                                           No. 00-4274

J. KENNETH BLACKWELL,
Ohio Secretary of State,
        *Defendant-Appellant.*

_____

Filed:  October 19, 2000

Before:  MARTIN, Chief Judge; DAUGHTREY and GILMAN, Circuit Judges.

_____

**ORDER**

_____

The defendant, the Ohio Secretary of State, appeals a district court order permanently enjoining him from enforcing Ohio Revised Code § 3505.03 insofar as it prohibits him from placing a political party designation on the ballot for the November 7, 2000 election to indicate that presidential and and vice- presidential candidates  Ralph Nader and Winona LaDuke are candidates of the Green Party.  The order, which was entered on October 13, 2000,  requires the Secretary to

immediately take action and use his best efforts to assure, to the extent possible, that all ballots for the November 7 election comply with the court's order by having the word "Green" placed below the names of Ralph Nader and Winona LaDuke in the same manner that other political party designations appear. The Secretary now moves to stay the district court's order pending disposition of his appeal. The district court has denied a similar motion. The plaintiffs have filed a response opposing a stay.

The factors to be considered by the court in determining whether a stay pending appeal should issue are: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id*. at 153.

These factors weigh in favor of granting a stay given the close proximity of the November 7 election. In its order denying a stay, the district court acknowledged that "there would be difficulties in any attempt to guarantee that every ballot in Ohio could reflect that Nader and LaDuke were nominees of the Green Party." For that reason, the district court's injunction does not require that every ballot in Ohio bear the word "Green" below the names of Nader and LaDuke. Rather, the injunction requires the Secretary to use his best efforts to the extent possible to comply with the district court's decision.

Without a stay, however, the ballots distributed to the voters in Ohio would not be uniform. Some absentee ballots have presumably been printed and mailed, given that absentee ballots in Ohio are required by law to be available at least twenty-five days in advance of any election. *See* Ohio Rev. Code Ann. § 3509.01. Some ballots, therefore, would bear

the word "Green" while others would not. Ballots bearing the word "Green" would have to be modified by various means, including the use of stickers and rubber stamps, depending on the type of ballot form in question. The process of modification itself would lead to additional risks, such as misplaced stickers or claims of undue emphasis on the "Green" candidate. Given these circumstances, we find that the disruption to Ohio's orderly election processes would likely be extensive. *See Westermann v. Nelson*, 409 U.S. 1236, 1236-37 (Douglas, Circuit Justice 1972) (denying, on October 20, 1972, the motion for a preliminary injunction brought by candidates of the American Independent Party regarding their absence from the Arizona ballot for the November 7, 1972 election, where the costs of reprinting would be substantial, the absentee ballots had already been sent out, and the "orderly election processes would likely be disrupted . . . ," despite the fact that "[t]he complaint may have merit.").

At this late stage, therefore, the remedies ordered by the district court impose a heavy burden on the Secretary and the taxpaying and voting public that is not outweighed by the associational interest of the public in knowing the affiliation of the candidate. *See Rosen v. Brown*, 970 F.2d 169, 175 (6th Cir. 1992) (stating that "[t]he primary concern in any ballot access case is not the interests of the candidate but of the voters who support the candidate and the views espoused by the candidate"). Significantly, we find the plaintiffs' concerns that the electorate is unaware of Ralph Nader's participation as a "Green" candidate to be mitigated by the recent publicity surrounding the campaign and his protests over the presidential debates. The adverse associational impact that granting this stay would have on the voters, therefore, does not outweigh the harm to the elections process that would occur without this stay. We consequently conclude that the balance of interests is best served by granting a stay.

In their response, the plaintiffs fault the Secretary for failing to act in conformity with the district court's decision in *Schrader v. Taft*, 78 F. Supp. 2d 708 (S.D. Ohio 1999), and