Therefore, the defendants' motion for a stay of the injunction pending appeal hereby is **GRANTED**. This appeal shall be expedited upon this court's docket in accordance with an expedited briefing schedule that will be issued by the clerk forthwith.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0103P (6th Cir.)
File Name: 01a0103p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____


BARBARA GRUTTER, for herself and all others similarly situated,
　　　　　*Plaintiff-Appellee,*

*v.*

LEE BOLLINGER; JEFFREY LEHMAN; DENNIS SHIELDS; UNIVERSITY OF MICHIGAN, Board of Regents,
　　　　　*Defendants-Appellants.*

No. 01-1447


Filed: April 5, 2001

Before: MARTIN, Chief Judge; DAUGHTREY and MOORE, Circuit Judges.

_____

**ORDER**

_____

The defendants appeal the district court's opinion and order enjoining its consideration of race as a factor in offering admission to the University of Michigan Law School. Having filed a notice of appeal, the defendants moved the district court for a stay of its injunction pending this appeal. The

district court has denied that motion, and the defendants now move this court for a stay.

The plaintiff argues in response that this court lacks appellate jurisdiction because the district court has yet to enter a judgment pursuant to Fed. R. Civ. P. 58, which directs that "[e]very judgment shall be set forth on a separate document." That rule provides certainty as to the timeliness of an appeal, but the purpose of the rule is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978). This court has interpreted Rule 58 to facilitate rather than hinder appeals. *Green v. Nevers*, 196 F.3d 627, 631 n. 3 (6th Cir. 1999).

In support of its jurisdictional argument, the plaintiff relies upon *Beukema's Petroleum Company v. Admiral Petroleum Company*, 613 F.2d 626 (6th Cir. 1979). In that case, the defendant appealed a district court opinion directing the grant of injunctive relief and moved for a stay pending appeal. The injunction itself had not been entered, however, and this court remanded to permit the district court to do so and to also address the issue of a security for the injunction. There, the court's remand served a practical purpose. Such action was necessary because the district court had phrased its issuance of injunctive relief in the future tense. However, *Beukema's Petroleum* does not compel a conclusion that this court lacks jurisdiction in the instant case. The district court's decision clearly states the University "hereby is enjoined from using applicants' race as a factor in its admissions decisions." The effect is immediate, and the appeal is properly before this court.

In denying a stay, the district court quoted at length from *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). There this court discussed the process of weighing the familiar four factors that govern a stay pending appeal. Those factors are 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving

party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. 945 F.2d at 153. *Michigan Coalition* said that the success on the merits which must be demonstrated is inversely proportional to the harm. *Id*. More than a possibility of success must be shown, and "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [nonmoving party] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Id*. (citation omitted). We conclude that the standard is easily met in the instant case.

The injunction now in place irreparably harms the University of Michigan and disrupts the selection of the 2001-2002 first-year law school class. The district court suggests that compliance with the injunction is a simple matter, and that the University is obliged to merely extend the remaining offers of admission without a consideration of the applicants' race. However, attempts to comply with the district court's injunction require the University to make decisions that may be subject to challenge. To create a new admissions policy in compliance with the injunction and to determine how many offers must be extended to fill the new class will take time. As they take this time to perform these tasks, defendants argue, the final decisions on applicants will be delayed. As a result, applicants are likely to accept admissions at other schools, thus diminishing the University's ability to compete with other selective law schools for highly qualified applicants. This harm cannot be undone and therefore is irreparable.

Further, there can be no dispute that this appeal presents serious questions on the merits. The district court's reading of *Regents of the University of California v. Bakke*, 438 U.S. 265 (1978), diverges from other interpretations of the case, including that in *Gratz v. Bollinger*, No. 97-75231 (E.D. Mich.), now pending before this court on appeal. The challenge the defendants make to the district court's decision is more than sufficient to support a stay pending this appeal.