*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0399P (6th Cir.)
File Name: 02a0399p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

BARRY BAKER; ANONYMOUS
PLAINTIFF #1,
       *Plaintiffs-Appellees,*

    *v.*

ADAMS COUNTY/OHIO
VALLEY SCHOOL BOARD,
       *Defendant-Appellant,*

CHRISTINE ARMSTRONG et al.,
       *Defendants,*

KENNETH W. JOHNSON et al.,
       *Intervening Defendants.*

No. 02-3777

Filed: November 19, 2002

Before: KEITH, KENNEDY, and MOORE, Circuit
Judges.

———————————

**ORDER**

———————————

PER CURIAM.  The defendant school board appeals the judgment finding that the display of the Ten Commandments on public school property violates the Establishment Clause of the First Amendment and ordering the removal of the Ten Commandments monuments from the "Foundations of American Law and Government" displays located on the property of four Adams County High Schools.  The district court denied a motion for a stay of the judgment pending appeal, and the defendant now moves this court to stay the order requiring the removal of the Ten Commandments monuments.  Alternatively, the defendant requests that the Ten Commandments monuments be covered rather than removed pending this appeal.  The plaintiffs oppose the motion for a stay.

The court balances the traditional factors governing injunctive relief in ruling on motions to stay pending appeal. Thus, we consider (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.  *See Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (order); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  These factors are to be balanced.  The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue.  However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted.  *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, nor prohibiting the free exercise thereof . . . ." In determining whether the inclusion of the Ten Commandments in the Foundations of American Law and Government displays violates the Establishment Clause of the First Amendment, we consider the test set forth by the Supreme Court in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). *Adland v. Russ*, --- F.3d ---, 2002 WL 31250744 at *5 (6th Cir. Oct. 9, 2002); *American Civil Liberties Union of Ohio v. Capital Square Review & Advisory Bd.*, 243 F.3d 289, 305-308 (6th Cir. 2001)(en banc). Under the *Lemon* test, a government-sponsored activity will not violate the Establishment Clause if (1) it has a secular purpose, (2) its principal or primary effect neither advances nor inhibits religion, and (3) it does not create an excessive entanglement of the government with religion. *Lemon v. Kurtzman*, 403 U.S. at 612-13; *see Adland*, 2002 WL 31250744, at *5. The endorsement test, "which looks to whether a reasonable observer would believe that a particular action constitutes an endorsement of religion," should be treated "as a refinement of the second *Lemon* prong." *Adland*, 2002 WL 31250744, at *5.

Historically, displays on government property of the Ten Commandments alone have been found to be unconstitutional. *See, e.g., Books v. City of Elkhart*, 235 F.3d 292 (7th Cir. 2000), *cert. denied*, 532 U.S. 1058 (2001) (holding municipal building's Ten Commandments monument unconstitutional); *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766 (7th Cir.2001), *cert. denied*, 122 S. Ct. 1173 (2002) (upholding a preliminary injunction against a Ten Commandments monument erected on grounds of Indiana Statehouse); *American Civil Liberties Union v. Ashbrook*, 211 F. Supp. 2d 873 (N.D. Ohio 2002) (enjoining the display of a framed poster of the Ten Commandments in a Common Pleas courtroom), *appeal docketed*, No. 02-3667 (6th Cir. June 17, 2002), *stay pending appeal denied*, (6th Cir. June 20, 2002) (unpublished order); *American Civil Liberties Union v. Hamilton County, Tennessee*, 202 F. Supp. 2d 757,

767 (E.D. Tenn. 2002) (declaring a display of the Ten Commandments at a courthouse unconstitutional). A governmental display of the Ten Commandments that is a part of a larger display of documents of legal or historical significance may be constitutional, depending on the context. *See County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 613-620 (1989) (Blackmun, J.); *id.* 632-38 (O'Connor, J., concurring). In the instant case, the Ten Commandments monuments were initially displayed alone. Only after the litigation was commenced were they incorporated into the larger Foundations of American Law and Government displays. The district court found that the alteration of the Ten Commandments displays to include four other nonreligious monuments was insufficient to support the defendant's avowed secular purpose in permitting the displays on school property. Although the defendant has not shown a strong or substantial likelihood of success on the merits, its challenge to the district court's ruling raises at least serious appellate issues.

However, the defendant has not demonstrated that it will suffer any significant irreparable harm if the Ten Commandments monuments must be removed from their current locations. The defendant argues that the monuments were intended to be permanent displays and are likely to be damaged if they must be removed. The district court found that the damage complained of by the defendant is monetary in nature. Unlike harms stemming from the placement of party affiliations on a ballot in a particular election, for example, *see, e.g.*, *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000), potential monetary damage does not constitute irreparable harm. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation omitted). Indeed, especially when a party knew of the risk that it undertook when it undertook the enjoined activity, monetary losses from the complying with the injunction will seldom be irreparable. *See Manakee Prof. Med. Trans. Serv., Inc. v. Shalala*, 71 F.3d 574, 581 (6th Cir. 1995). Any cost that is a result of the

aggrieved party from recovering damages for the issuance of an injunction."

Wright, Miller & Kane, *Federal Practice and Procedure, Civil 2d § 2973.*[1] Defendant has no legal remedy for costs of replacement. Where there is a monetary loss and no basis on which to recover that monetary loss, the injury is irreparable.

While defendants failed to include the offer to cover the Ten Commandments in their request to the district court for a stay, it seems like a practical and common sense solution and there is nothing to prevent our Court from accepting it. It will temporarily remove the harm of which defendants complain so they will not be injured during the appeal.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
Clerk

---

[1] While there were exceptions, they would not appear to be applicable here.

defendant's action during the course of this litigation of incorporating the Ten Commandments into a larger permanent display clearly could not be considered as part of the defendant's harm.

Moreover, the granting of a stay pending appeal will subject the high school students and others who frequent the schools to continuing violations of the Establishment Clause. The Supreme Court "has been particularly vigilant in monitoring compliance with the Establishment Clause in elementary and secondary schools," because "[i]n no activity of the State is it more vital to keep out divisive forces than in the schools." *Edwards v. Aguillard*, 482 U.S. 578, 583-84 (1987) (quotation omitted). The Supreme Court has also made clear that a violation of First Amendment rights, even for a short time, causes irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). When a public entity's religious display violates the Establishment Clause, the public entity sends a message indicating that the authority of the State stands behind a particular religious viewpoint. This message, whether subtle or overt, is impermissible.

The defendant moves, in the alternative, for an injunction permitting it to leave the Ten Commandments monuments in place but to cover them pending appeal. Analytically, this requires two separate steps: to grant the defendant the desired relief, we would have to stay the district court's judgment ordering that the monuments be removed and then issue an injunction ordering that the monuments be covered. As we have made clear, the defendant has failed to show any irreparable harm that would come from removing the monuments.

However, even if we were inclined to stay the judgment, ordering the construction and maintenance of a cover would be ill-advised. Not only would such a covered Ten Commandments monument involve an ongoing commitment — for us and for the School Board — to oversee "details of administration" of the covering of a religious monument, a task that *Lemon*'s entanglement provision cautions against,

---

## DISSENT

KENNEDY, Circuit Judge, dissenting. I would grant the stay pending appeal on the condition that the School Board cover the Ten Commandment displays at the four Adams County High Schools during the pendency of the appeal. I would also advance the briefing schedule so that the appeal could be more promptly heard.

The display in its present configuration, flanked by texts from other secular historical sources, can appear to (1) serve a secular purpose, (2) does not demonstrate an impermissible government purpose and (3) does not foster an excessive entanglement of government with religion. The majority acknowledges the school district has raised serious appellate issues.

I would only add, in holding the present display unconstitutional, the district court relied heavily on the prior display of the Commandments alone to determine the second and third requirements of the *Lemon* test (*Lemon v. Kurtzman*, 403 U.S. 602 (1971). Here, the school district sought to remedy the prior unconstitutional display of the lone Ten Commandments by including a display of historical documents. In cases involving the display of creches, courts have permitted government bodies to add non-religious holiday symbols to create constitutional displays, or at least have not enjoined such displays because of earlier displays of a creche alone.

I would agree that new monuments could be constructed if the stay is denied and it would not be irreparable if someone would be required to pay for it. In the ordinary case, the opposing party becomes liable for the damages suffered if the stay is denied and the party requesting it prevails. That is not the case here. "[T]he absence of a bond usually precludes an

*Lemon*, 403 U.S. at 615, but also the defendant here failed to comply with the rule governing a motion for an injunction. Under Rule 8 of the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court" for an injunction pending appeal. Fed. R. App. P. 8(a)(1)(C). This is "[t]he cardinal principle of stay applications." 16A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3954 (3d ed. 1999). Although the defendant here moved in the district court to stay the district court's judgment altogether, the defendant's motion before the district court never proposed the covering of the Ten Commandments monuments as an alternative. The defendant's failure to seek such relief below does not preclude the defendant from making such a motion before this court, but Rule 8 requires that in such a case, "[t]he motion must: (i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested . . . ." Fed. R. App. P. 8(a)(2)(A).

The defendant did not so move below and has not made any showing that such a motion would have been impracticable. However, this is precisely the sort of motion that ought to have been made before the district court, because the proposed alternative remedy would require significant judicial oversight. Whether the covering would remedy the constitutional violation here would depend on the materials from which it would be constructed, the manner in which it would be installed, and the degree to which it would be monitored and maintained. *Cf. United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (noting that Rule 8 requires applications for stays to be filed first in the district court, and reasoning that a similar structure in the context of granting bail pending appeal is desirable because of the district court's familiarity with the case). With respect to the alternative relief, the defendant has failed to comply with Rule 8 and offers an insufficient basis to issue the injunction.

Therefore, the motion for a stay pending appeal is **DENIED**.