**ARISTOTLE PUBLISHING,**
Plaintiff–Appellant,

v.

John Y. BROWN, III, Chairman, State Board of Elections for the Commonwealth of Kentucky; Janie Bruce; Charles Buchanan; John Caudill; John Chowning; Dave Disponett; Hade Durbin, Members of the State Board of Elections for the Commonwealth of Kentucky; Mary Sue Helm, Acting Executive Director of the State Board of Elections for the Commonwealth of Kentucky, Defendants–Appellees,

No. 01–6396.

United States Court of Appeals, Sixth Circuit.

March 21, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

OPINION

COLE, Circuit Judge.

Plaintiff Aristotle Publishing ("Aristotle") filed suit alleging civil rights violations

and sought a preliminary injunction to require Defendants, who are members of the State Board of Elections for the Commonwealth of Kentucky (the "Board"), to furnish to Plaintiff any and all rosters of qualified registered voters within Kentucky for which Plaintiff had applied. Plaintiff now appeals the district court's order denying Plaintiff's motion for a preliminary injunction. For the reasons discussed herein, we AFFIRM the district court's order denying preliminary injunctive relief.

Aristotle has been in the business of publishing information, including voter list data, since 1985. Aristotle creates lists by gathering raw data and supplementing it with additional information, such as demographic information and phone numbers, and then publishes the lists to subscribers. Its subscribers who use voter lists include candidates for public office, political parties, and other political organizations, who use the information for political purposes. Other uses to which Aristotle's subscribers put the information include:

> non-profit and charitable purposes, location of individuals to pay tax bills and child support, enforcement of child protection laws prohibiting access by minors to harmful materials, enforcement of judgments, adoption matters, finding witnesses in criminal or personal injury cases or custody disputes, locating abducted children, organ and bone marrow donors, heirs to estates, and pension beneficiaries, uniting families, and epidemiological and scholarly research.

The Board maintains a complete roster of all of the qualified registered voters in Kentucky. Kentucky Revised Statutes § 117.025(3)(h) provides that the Board shall:

> Furnish at a reasonable price any and all precinct lists to duly qualified candidates, political party committees or officials thereof, or any committee that advocates or opposes an amendment or public question. The State Board of Elections may also furnish the precinct lists to other persons at the board's discretion, at a reasonable price. The board shall not furnish precinct lists to persons who intend to use the lists for commercial use.

The statute does not define "commercial use."

Aristotle first requested voter information from the Board in 1999, informing the Board that it intended to sell the data to subscribers for non-commercial use. The Board granted the request. In March 2001, the Board adopted a new definition of commercial use. In June 2001, Aristotle made a second request for voter data, on the same terms and conditions as in 1999. The Board denied the application on September 21, 2001, stating, "The basis for this rejection is the belief that you will sell this data to subscribers, which would constitute a commercial purpose, thereby violating K.R.S. § 117.025(3)(h)."

After the Board denied its request for voter data, Plaintiff brought the current action in the district court, alleging that the Board's actions violated its rights under the First Amendment and deprived it of equal protection of the laws. This action is pending in the district court. Plaintiff also moved for a preliminary injunction to require the Board to provide it with the voter data.[1] On October 23, 2001 the dis-

---

1. The Board subsequently promulgated a new regulation concerning the implementation of Kentucky Revised Statutes § 117.025(3)(h) and, in May 2002, Aristotle reapplied for and was granted the voter lists maintained by the Board, based on Aristotle's pledge that it will use the data consistent with the definition of "commercial use" to be codified by the Board.

trict court denied the motion, and this denial is now on appeal.

We review the district court's grant or denial of a preliminary injunction under the abuse of discretion standard, but questions of law are reviewed de novo. *Detroit Free Press v. Ashcroft,* 303 F.3d 681, 685 (6th Cir.2002). To determine whether to grant a motion for a preliminary injunction, the court must analyze four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Id.* (citations omitted). These factors should be balanced against one another, and are not prerequisites to the grant of a preliminary injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir.2000).

Upon review, we conclude that the district court did not abuse its discretion in denying Aristotle's motion for preliminary injunction. First, Aristotle has not demonstrated a strong likelihood of success on the merits. Specifically, there is no clear authority for finding a constitutional right of access to voter records, especially in a circumstance, such as this, where Aristotle functions as a for-profit intermediary between the Board and its subscribers, who use the data for non-commercial purposes. Moreover, Aristotle has failed to demonstrate that it will be irreparably harmed absent an injunction. It appears that the only harm Aristotle will suffer is financial in nature. This Court has made clear, however, that "potential monetary damage does not constitute irreparable harm." *Baker v. Adams County/Ohio Valley Sch. Bd.,* 310 F.3d 927, 930 (6th Cir.2002). The other factors also weigh against granting a preliminary injunction. Thus, the district

court did not abuse its discretion in denying Aristotle's motion.

For the foregoing reasons, we AFFIRM the order of the district court.