*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name:  04a0373p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FAMILY TRUST FOUNDATION OF KENTUCKY, INC., et al.,
*Plaintiffs-Appellees,*

*v.*

Nos. 04-6250/6251

KENTUCKY JUDICIAL CONDUCT COMMISSION, et al.,
*Defendants-Appellants.*

Filed:  October 27, 2004

Before:  MARTIN and BATCHELDER, Circuit Judges; JORDAN, District Judge.[*]

---

## ORDER

---

ALICE M. BATCHELDER, Circuit Judge.  Appellants, which include members of the Kentucky Judicial Conduct Commission ("KJCC"), the Kentucky Inquiry Commission, and various counsel for the Kentucky Bar Association sued in their official capacities,[1] filed an Emergency Motion to Stay the district court's October 19, 2004, order enjoining enforcement of Rule of the Supreme Court of Kentucky (SCR) 4.300, Canon 5B(1)(c).  Because we find that the Appellants have failed to meet the standard for a stay, the motion is hereby DENIED.

---

[*] The Honorable Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1] At oral arguments, Appellants argued that they are not proper parties to an action for injunctive relief under 42 U.S.C. § 1983 because (they alleged) that the Kentucky Supreme Court, which is not named as a party, is responsible for enforcing SCR 4.300. This is an incorrect statement of Kentucky law, or, at best, an incomplete one.  SCR 4.020 states that the KJCC

> shall have authority . . . [t]o impose the sanctions, separately or collectively of (1) admonition, private reprimand, public reprimand and censure; (2) suspension without pay or removal from judicial office, upon any judge of the Court of Justice or lawyer while a candidate for judicial office, who after notice and hearing the Commission finds guilty of . . . [v]iolation of the Code of Judicial Conduct, Rule 4.300.

SCR 4.020(1)(b)(6).  The SCR also grants the Commission the authority "[t]o refer any judge of the Court of Justice or lawyer while a candidate for judicial office, after notice and hearing found by the Commission to be guilty of misconduct, to the Kentucky Bar Association for possible suspension or disbarment from the practice of law."  SCR 4.020(1)(d).  Counsels' statement that Appellants are not authorized to enforce SCR 4.300 and thereby are not proper parties to an injunction under § 1983 is accordingly in error.

1

## I.

At issue in this case is the district court's injunction prohibiting enforcement of SCR 4.300, which reads in relevant part:

> A judge or a candidate for election to judicial office . . . shall not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; shall not make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; and shall not misrepresent any candidate's identity, qualifications, present position, or other facts.

SCR 4.300, Canon 5B(1)(c). In considering whether to grant a stay pending appeal, this court applies the traditional four-part injunctive-relief test, which asks:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County/Ohio Valley Sch. Bd*, 310 F.3d 927, 928 (6th Cir. 2002) (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (order); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)). In applying this test, we balance the factors. The Appellant must demonstrate a likelihood of success on the merits to a degree inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. "[I]n order to justify a stay of the district court's ruling, the [Appellant] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985)). We conclude that the Appellants have failed to meet their burden on any of the four elements.

First, the Appellants have not demonstrated a substantial likelihood of success on the merits. The district court noted that the "promises and commit" clause in Canon 5B(1)(c) has been used by the State to reach content covered by the "announce clause" struck down in *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002)–that is, the State has used Canon 5B(1)(c) to prohibit a candidate from expressing "views on any specific nonfanciful legal question within the province of the court for which he is running . . . ." *Id.* at 773; *see*, *e.g.*, *Deters v. Judicial Retirement and Removal Comm'n*, 873 S.W.2d 200 (Ky. 1994) (upholding public censure against judicial candidate for running an advertisement stating that he was a "Pro-Life" candidate in violation of Canon 5B(1)(c)). Although the Supreme Court's decision in *White* applied only to an announce clause and did not involve a promises and commit clause, the district court found that the difference in this case is simply one of a label: the State has enforced the promises and commit clause as a *de facto* announce clause, and therefore the State is unlikely to succeed in light of the binding precedent in *White*.

While the Appellants argue that *Deters* was decided before *White* and therefore should not be relied upon as a statement of Kentucky law, their statements to judicial candidates suggest a very different enforcement posture. For example, the August 5, 2002, Memorandum of the KJCC states that "Canon 5(B)(1)(c) of the Kentucky Code of Judicial Conduct is not affected by the ruling on the Minnesota canon, and remains effective as promulgated by the Supreme Court of Kentucky." And tellingly, a letter sent by Chief Justice Lambert to judicial candidates concerning the requirements of SCR 4.300 specifically referenced *Deters* as a case with which candidates should familiarize themselves. Because these letters and Kentucky case law support the district court's finding that Kentucky views Canon 5B(1)(c) as the functional equivalent of an announce clause, the Appellants have failed to show a substantial likelihood of success on the merits.

Likewise, the Appellants have failed to demonstrate irreparable harm. Indeed, Appellants' counsel failed accurately to address the question in their briefs, focusing on whether Plaintiffs-Appellees would be irreparably harmed in the absence of the injunction, instead of answering the question before this court: whether *Appellants* would be irreparably harmed if this court fails to *stay* the injunction. Furthermore, Appellants have failed to substantiate their claim that staying the district court proceedings will not substantially injure other interested parties.

Finally, Appellants argue that the public interest is not advanced by the injunction, which they claim "completely eviscerates Kentucky's established mechanisms for maintaining the impartiality and independence of the Courts, both in fact and appearance." However, the district court found that other, narrowly tailored mechanisms existed under Kentucky law to preserve the impartiality of the judiciary–namely Kentucky's judicial recusal statute. *See* K.R.S. § 26A.015(2)(e) and Canon 3E(1). Additionally, the Appellants fail to address the strong public interest in the electorate's receiving candidate statements, an interest that previously has been recognized by the Kentucky Supreme Court:

> **We believe a well informed electorate is essential to the democratic election process guaranteed by the Kentucky Constitution. The right[ ] of the voting public to hear what a candidate has to say is a compelling one.** We further believe candidates for judicial office can announce their views on legal and political issues without jeopardizing the integrity and independence of the legal system or undermining the impartiality of the judiciary.

*J.C.J.D. v. R.J.C.R.*, 803 S.W.2d 953, 956 (Ky. 1991) (emphasis added) (striking down Kentucky's previous announce clause). Appellants have therefore failed to demonstrate that the public interest lies with staying the injunction.

For the foregoing reasons, Appellants' Motion for Emergency Stay is hereby **DENIED**.

BOYCE F. MARTIN, JR., Circuit Judge, dissenting. In my view, the preliminary injunction issued by the district court should be stayed until the case is fully briefed and argued on expedited appeal before a panel of this Court. The defendants' challenge to the district court's injunction is more than sufficient to support a stay pending such appeal. Given the nature and timing of the injunction, allowing it to remain in effect would be significantly more injurious than issuing a stay. Therefore, I respectfully dissent.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk