**AMERICAN CIVIL LIBERTIES UNION; American Civil Liberties Union Foundation; American Civil Liberties Union of Michigan; Council on AmericanIslamic Relations; Council on American–Islamic Relations of Michigan; Greenpeace, Incorporated; National Association of Criminal Defense Lawyers; James Bamford; Larry Diamond; Christopher Hitchens; Tara McKelvey; Barnett R. Rubin, Plaintiffs—Appellees (No. 06–2095) Cross—Appellants (No. 06–2140)**

v.

**NATIONAL SECURITY AGENCY/CENTRAL SECURITY SERVICE; Keith B. Alexander, General, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service, Defendants—Appellants (No. 06–2095) Cross—Appellees (No. 06–2140).**

**No. 06–2095, 06–2140.**

United States Court of Appeals, Sixth Circuit.

Oct. 04, 2006.

Ann Beeson, New York, NY, for Plaintiffs–Appellees.

Before: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

### ORDER

The government moves for a stay pending appeal of the district court's order holding the Terrorist Surveillance Program unconstitutional and permanently enjoining the Government from utilizing the Program "in any way, including, but not limited to, conducting warrantless wiretaps of telephone and internet communications, in contravention of [FISA and Title III]."

In considering whether a stay pending appeal should issue, we balance the traditional factors governing injunctive relief: (1) whether the applicant has demonstrated a substantial likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Baker v. Adams County/Ohio Valley Sch. Bd.,* 310 F.3d 927, 928 (6th Cir.2002); *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991). This court, in *Grutter v. Bollinger,* 247 F.3d 631, 633 (6th Cir. 2001), noted that

*Michigan Coalition* said that the success on the merits which must be demonstrated is inversely proportional to the

harm. More than a possibility of success must be shown, and "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the nonmoving party if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" (edits and citations omitted).

After careful review, we conclude that this standard has been met in this case. Accordingly, the motion for a stay pending appeal is **GRANTED.**