NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0878n.06

No. 12-5271

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| GREEN PARTY OF TENNESSEE; CONSTITUTION PARTY OF TENNESSEE | ) ) ) | **FILED**<br>***Aug 09, 2012***<br>LEONARD GREEN, Clerk |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| TRE HARGETT, in his official capacity as Tennessee Secretary of State; MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, | ) ) ) ) | ORDER ON DEFENDANTS-APPELLANTS' MOTION FOR A PARTIAL STAY |
| Defendants-Appellants. | ) ) ) ) ) | |

**Before: BOGGS, GILMAN, and DONALD, Circuit Judges.**

**PER CURIAM.** The Green Party of Tennessee and the Constitution Party of Tennessee brought this federal lawsuit in 2011 challenging the state of Tennessee's statutory framework for providing ballot access to minor political parties. In February 2012, the district court held that the challenged statutes were unconstitutional and thus granted relief to the plaintiffs. The State has moved to stay two aspects of the court's judgment: (1) the requirement that the State place the parties' names next to their respective candidates on the November 2012 general-election ballot, and (2) the requirement that the State conduct a random drawing to determine the order in which the parties will be listed on the November ballot. For the reasons set forth below, we **DENY** the motion

for a stay with respect to the first requirement, but **GRANT** the motion with respect to the second requirement.

## I. BACKGROUND

Two of the plaintiffs' claims are relevant to the State's motion for a stay. The first is their claim that Tennessee's ballot-access scheme impermissibly burdens their First Amendment rights; the second is their claim that the statute governing the position of the parties on the general-election ballot violates the Equal Protection Clause of the Fourteenth Amendment. We will discuss each claim in turn.

The plaintiffs' first claim focuses on the State's procedure for a group to qualify as a "recognized minor party." A "recognized minor party" is defined by statute to mean

> any group or association that has successfully petitioned by filing with the coordinator of elections a petition which shall conform to requirements established by the coordinator of elections, but which must at a minimum bear the signatures of registered voters equal to at least two and one-half percent (2.5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor, and on each page of the petition, state its purpose, state its name, and contain the names of registered voters from a single county[.]

Tenn. Code Ann. § 2-1-104(a)(24).

When the present lawsuit was filed, a different statute required all political parties—including recognized minor parties—to nominate their candidates for governor, Tennessee General Assembly, United States senator, and United States representative by means of a primary election, to be held in early August of the election year. *Id.* § 2-13-202 (2011) (amended 2012). The deadline for filing a petition to qualify as a recognized minor party was the first Thursday in April of the election year, which is 119 days before the date of the primary election. *Id.* §§ 2-13-107(a) (2011) (amended 2012), 2-5-101(a)(1). Taken together, these provisions effectively required a minor party to submit

-2-

a petition containing at least 40,039 valid signatures by April 5, 2012 in order to appear on the November 2012 general-election ballot. A candidate seeking to be nominated for one of the above-mentioned offices had to submit a separate nominating petition meeting the same requirements. *Id.* § 2-13-107(c) (2011) (amended 2012).

The plaintiffs challenged this scheme as facially unconstitutional. They argued that the requirements were overly restrictive and effectively denied them access to the ballot. In February 2012, the district court held that the 2.5% signature requirement and 119-day filing deadline, alone and in combination with one another, were unconstitutional as applied to the plaintiffs. The court further determined that the Green Party of Tennessee's past electoral support of almost 20,000 votes and the Constitution Party of Tennessee's prior collection of nearly 10,000 signatures were sufficiently strong showings of support to entitle them to "recognition as political parties and to have their parties' names next to their candidates on the general election ballot" in November 2012. *Green Party of Tenn. v. Hargett*, --- F. Supp. 2d ---, 2012 WL 379774, at \*56 (M.D. Tenn. Feb. 3, 2012). Tennessee seeks a stay of this remedial component of the district court's judgment.

The second part of the district court's judgment that the State has asked this court to stay relates to the statute prescribing the order in which the parties are listed on the general-election ballot (hereinafter referred to as the "party-order provision"). That statute provides that, on such ballots, "the name of each political party having nominees on the ballot shall be listed in the following order: majority party, minority party, and recognized minor party, if any." Tenn. Code Ann. § 2-5-208(d)(1). "Majority party" and "minority party," respectively, refer to the parties whose members hold the largest and second largest number of seats in the combined houses of the Tennessee General Assembly. *Id.* § 2-1-104(a)(11), (12).

The district court held that § 2-5-208(d)(1) is unconstitutional on its face because it "provides an impermissible 'voting cue' that violates Plaintiffs' First Amendment rights as well as the First Amendment rights of Tennessee voters." *Green Party*, 2012 WL 379774, at *52. For relief, the court ordered the State to conduct a random public drawing to determine the order in which the parties will appear on the November 2012 ballot. The State has requested a stay of that order.

Not long after the State filed its motion for a stay with this court in April 2012, the Tennessee General Assembly amended its ballot-access statutes. Under the new rules, recognized minor parties do not have to select any of their nominees via a primary election, but "may nominate their candidates for any office by any method authorized under the rules of the party or by primary election under this title." 2012 Tenn. Pub. Acts Ch. 955, § 6 (amending Tenn. Code Ann. § 2-13-203(a)). A minor party that chooses the "party rules" option is permitted to file its petition—which must still meet the 2.5% signature requirement—as late as 90 days before the November general election (rather than 119 days before the August primary election). *Id.* at § 1 (amending Tenn. Code Ann. § 2-13-107(a)). The party's candidates are freed from this petition process altogether. *Id.* at § 2 (amending Tenn. Code Ann. § 2-13-107(c)). Should a minor party still prefer to nominate its candidates through a primary election, however, the statute continues to operate as it did before, meaning that the party and its candidates must each file a petition meeting the 2.5% signature requirement and 119-day filing deadline.

These changes went into effect in May 2012. The party-order provision, Tenn. Code Ann. § 2-5-208(d)(1), was not amended. In early June 2012, this court notified the parties of its decision to defer a ruling on the State's motion for a stay until after oral arguments on the merits of the State's appeal. Those arguments were heard in late July 2012.

## II. ANALYSIS

The issuance of a stay pending appeal "is not a matter of right," but "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). We determine whether to exercise our discretion by considering "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (internal quotation marks omitted). This court has interpreted these factors to require the applicant, "[i]n order to justify a stay of the district court's ruling," to "demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (internal quotation marks omitted).

Applying that standard here, we find that the State has not met its burden with respect to the part of the district court's judgment ordering the placement of the plaintiffs' names next to their respective candidates on the November 2012 ballot (hereinafter referred to as the "party-candidate link"). Simply put, the State has not shown that the absence of a stay will cause it irreparable harm that decidedly outweighs the harm that would be inflicted on the plaintiffs were a stay to be granted.

The State's argument for why it will suffer irreparable injury is that the plaintiffs have not demonstrated that they are "bona fide and actually supported" political parties, *see Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 366 (1997), and that their failure to make such a demonstration thwarts the "important state interest in requiring some preliminary showing of a significant modicum

of support before printing the name of a political organization's candidate on the ballot," *see Jenness v. Fortson*, 403 U.S. 431, 442 (1971). But the State has not shown why the plaintiffs' past support—which, as noted by the district court, consists of nearly 20,000 votes for the Green Party and almost 10,000 signatures for the Constitution Party—is so insubstantial as to create a real possibility of frustrating the State's democratic process. Nor has the State persuasively rebutted the plaintiffs' argument that, "at this late date, it would be manifestly unjust for the court to require them to file qualifying petitions after the District Court ordered that they be recognized as 'recognized minor parties' because of the unconstitutionality of th[e] statute in effect when that ruling was entered." Because the State has not provided sufficiently compelling reasons for us to stay the district court's ruling that the parties' names appear next to their respective candidates on the November 2012 ballot, we decline to exercise our discretion to do so.

At the same time, we grant the State's motion to stay the district court's requirement that the State conduct a random drawing to determine the position of each party on the November 2012 ballot. The record in the present case contains no state-specific evidence as to whether Tennessee's party-order provision creates an impermissible "voting cue." We think that this shortcoming is sufficient to raise serious questions about whether the party-order provision is unconstitutional on its face, as the district court held. Further, we agree with the State that a random drawing for party placement could potentially create a ballot that is confusing to voters and thereby injure the State, whereas any injury caused to the plaintiffs by granting a stay on this issue appears to be minimal.

### III. CONCLUSION

For all the reasons set forth above, we **DENY** the State's motion to stay the district court's remedy of the party-candidate link for the November 2012 ballot, but **GRANT** the State's motion

to stay the district court's random-drawing requirement to determine the order of the parties on that ballot. Our opinion on the merits of these and other issues raised by the State in this appeal will require additional study and is thus unlikely to further affect the ballot for the November 2012 election.