**In re Barbara Jean SMITH,**
**pro se, Debtor.**

**Michigan First Credit Union, Plaintiff,**

**v.**

**Barbara Jean Smith, pro se, Defendant.**

**Bankruptcy No. 12–51813.**
**Adversary No. 12–5492.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 19, 2013.

---

Tamara A. White, Holzman Corkery, PLLC, Southfield, MI, for Plaintiff.

Kurt Thornbladh, Thornbladh Legal Group, PLLC, Dearborn, MI, for Defendant.

1. The Defendant has appealed two other orders entered in this adversary proceeding (see Docket ## 125, 127), but the Stay Motion

## OPINION AND ORDER DENYING DEFENDANT DEBTOR'S MOTION FOR STAY PENDING APPEAL

THOMAS J. TUCKER, Bankruptcy Judge.

### I. Introduction

On May 30, 2013, the Court entered an order, which (1) granted Plaintiff's motion for summary judgment; (2) denied Defendant's motion for summary judgment; and (3) determined that (a) Defendant's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6), and (b) the permanent injunction entered by the state court is not discharged or affected by Defendant Debtor's discharge in her Chapter 7 bankruptcy case (Docket # 122, "May 30 Order"). On June 11, 2013, Defendant filed a notice of appeal of the May 30 Order (Docket # 126).

This adversary proceeding is currently before the Court on the Defendant Debtor's motion for a stay of the May 30 Order pending appeal, filed on June 12, 2013 (Docket # 139, the "Stay Motion").[1] The Court has reviewed the Stay Motion and concludes that a hearing is not necessary, and that the Stay Motion should be denied, for the reasons stated in this opinion.

### II. Discussion

#### A. The relevant factors

Defendant Debtor's Stay Motion is based on Fed.R.Bankr.P. 8005, which states, in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to

seems, in substance, to be clearly directed at seeking a stay pending appeal from the May 30 Order, and the Court so construes it.

the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, **the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.** A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. . . .

(emphasis added). The factors that courts must apply in determining whether to grant a motion for a stay pending appeal were discussed at length in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir.1991). In *Griepentrog*, the Sixth Circuit stated, in relevant part:

In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are

interrelated considerations that must be balanced together.

Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.

Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the

stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted); *see also Serv. Emps. Int'l Union Local 1 v. Husted,* 698 F.3d 341, 343 (6th Cir.2012) (*per curiam* );

*Baker v. Adams County/Ohio Valley Sch. Bd.,* 310 F.3d 927, 928 (6th Cir.2002). Defendant, as the moving party, bears the burden of establishing by a preponderance of the evidence that she is entitled to the stay. *See Husted,* 698 F.3d at 343; *In re Holstine,* 458 B.R. 392, 394 (Bankr. E.D.Mich.2011). "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." *Id.* (quoting *In re Forty–Eight Insulations, Inc.,* 115 F.3d 1294, 1301 (7th Cir.1997)).

### B. Consideration of the relevant factors

■ The Court concludes that Defendant has not satisfied her burden, and that a stay pending appeal should not be granted.

#### 1. Factor No. 1

This Court certainly is not infallible. But the Court finds that it is very unlikely that the district court will reverse the May 30 Order. The Court strongly believes that its decision was correct, for the reasons stated on the record in the Court's detailed bench opinion given on May 30, 2013.[2] Thus the first stay factor weighs strongly against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to Defendant's Stay Motion, under the Sixth Circuit's decision in *Griepentrog,* quoted above. There, the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.' " *Griepentrog,* 945 F.2d at 154 (citations omitted).

---

**2.** The Defendant ordered a transcript of the Court's May 30 bench opinion, on June 11, 2013 (Docket # 132), but the transcript has not yet been filed. In addition, the Court's audio recording of the May 30 bench opinion is available, in mp3 format, at Docket # 123.

Defendant has not made such a showing, so the Stay Motion must be denied for this reason alone.

### 2. Factor No. 2

Nor has Defendant demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. Defendant's only argument on this factor is that she fears that unless blocked by a stay pending appeal, the Plaintiff Michigan First Credit Union may collect on the debt that Defendant Barbara Jean Smith owes to Plaintiff under the "Final Judgment" dated September 26, 2011, entered in the Oakland County, Michigan Circuit Court in Case No. 07–082217–CZ, and that, if the May 30 Order is reversed on appeal, Defendant will have to engage in "further lengthy litigations [sic] to recover any fund[s] if and when collected." These allegations, even assuming, without deciding, that they are true, would not satisfy Plaintiff's burden of showing "*irreparable* harm." The purported harm alleged is not "certain and immediate, rather than speculative or theoretical," and it is not irreparable.

> [I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . .
>> "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (footnotes and citation omitted). For these reasons, the Court finds that the Defendant has failed to demonstrate that there is any likelihood of her suffering irreparable harm absent a stay pending appeal.

### 3. Factor Nos. 3 and 4

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," both weigh against granting a stay pending appeal. The Court finds that the Plaintiff will be harmed if the Court grants a stay pending appeal. Such a stay would unduly further delay the Plaintiff in collecting on its judgment that was entered in 2011, and which the Court has found gave rise to a debt which is nondischargeable. Plaintiff "ha[s] not been paid for an extended period of time and [has] expended significant time and resources in seeking to enforce" its judgment. *See In re Pertuset,* No. 11–15607, 2012 WL 7991693, at *5 (Bankr.S.D.Ohio May 15, 2012) (citing cases finding that a significant delay in collecting on a judgment weighed in favor of denying a motion for a stay pending appeal). On the other hand, Defendant has already been given a lengthy breathing spell from paying this debt by filing for relief under Chapter 7, and has had an opportunity in both state court and bankruptcy court to challenge her liability to pay this debt.

Finally, there is a public interest in preventing debtors from using the bankruptcy process to unduly delay creditors from collecting on their judgments. *See id.*

Thus, none of the relevant factors weigh in favor of granting a stay pending appeal. In the exercise of its discretion under Fed. R.Bankr.P. 8005, the Court will deny Defendant's Stay Motion.

## III. Conclusion and Order

For the reasons stated in this opinion,

IT IS ORDERED that the Stay Motion (Docket # 139) is denied.